UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:18-CV-093-TBR

JOHNNY A. MCDONALD                                                          PLAINTIFF

v.

MICHAEL SPRINGFIELD, ET AL.,                                              DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the Court on a Motion to Dismiss, [R. 28], and Motion for Summary Judgment, [R. 29], filed by Defendants Wesley Burnett, Michael Springfield, Brendan Inglish, Michael Pillion, Jared Thompson, and Tami Baur (collectively, "Defendants"). Almost five months after these motions were filed, Plaintiff Johnny McDonald still had not filed a response to either motion. The Court issued an Order pursuant to *United States v. Ninety-Three Firearms*, 330 F.3d 414 (6th Cir. 2003), in which it informed McDonald of the consequences and requirements of the summary judgment rule, as well as the rule concerning a motion to dismiss. [R. 37 at 1-2.] The Court gave McDonald an additional 30 days to respond to the pending motions, and the Court noted that "[f]ailure to comply with this Order will result in dismissal of the action." [*Id*. at 1.] It has been three months since that order was filed and McDonald still has not filed a response. This matter is ripe for adjudication. For the reasons stated herein, the Defendants' Motion for Summary Judgment, [R. 29], is GRANTED and the Defendants' Motion to Dismiss, [R. 28], is DENIED AS MOOT. The Court will enter a separate Order and Judgment consistent with this Memorandum Opinion.

**BACKGROUND**

Plaintiff Johnny McDonald, pro se, is an inmate at the Kentucky State Penitentiary ("KSP"). The facts of his Complaint were previously summarized in the Memorandum Opinion and Order filed on August 3, 2018. [R. 21 at 1.] In short, there are two remaining matters: First, McDonald's First Amendment claim against Defendant Pillion in his individual capacity for all relief and in his official capacity for equitable relief, as well as under RLUIPA in his official capacity for injunctive relief. Second, McDonald's excessive force claims against Defendants Dornelle, Thompson, Inglish, and Springfield in their individual capacities. [*Id*. at 10.]

## LEGAL STANDARD

Under Rule 12(b)(6), to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955). The complaint need not contain "detailed factual allegations," yet must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955). In addition, "[a] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89,

93, 127 S. Ct. 2197, 167 L.Ed.2d 1081 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L.Ed.2d 251 (1976)).

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists where "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The Court "may not make credibility determinations nor weigh the evidence when determining whether an issue of fact remains for trial." *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014) (citing *Logan v. Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir. 2001); *Ahlers v. Schebil*, 188 F.3d 365, 369 (6th Cir. 1999)). "The ultimate question is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Back v. Nestlé USA, Inc.*, 694 F.3d 571, 575 (6th Cir. 2012) (quoting *Anderson*, 477 U.S. at 251–52).

The Court acknowledges that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by attorneys. *See Haines v. Kerner,* 404 U.S. 519 (1972). The duty to be less stringent with *pro se* complainants, however, "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall,* 610 F.2d 16, 19 (1st Cir.1979) (citation omitted), nor to create a claim for a *pro se* plaintiff, *Clark v. Nat'l Travelers Life Ins. Co.,* 518 F.2d 1167, 1169 (6th Cir.1975).

It should be noted that "'a verified complaint . . . satisfies the burden of the nonmovant to respond' to a motion for summary judgment, unlike 'mere allegations or denials' in unverified

3

pleadings." *King v. Harwood*, 852 F.3d 568, 578 (6th Cir. 2017) (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 385 (6th Cir. 1999)) (en banc).

## DISCUSSION

As stated above, McDonald never responded to Defendants' Motion to Dismiss. This is after the Court warned McDonald and granted him additional time to respond. [R. 37.] Pursuant to Joint Local Rule of Civil Practice 7.1(c), "[f]ailure to timely respond to a motion may be grounds for granting the motion." *See also Humphrey v. U.S. Attorney General's Office*, 279 F. App'x 328, 331 (6th Cir. 2008) (recognizing that a party's lack of response to a motion or argument therein is grounds for the district court's grant of an unopposed motion to dismiss and noting that "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion"); *Paulmann v. Hodgdon Powder Co., Inc.*, No. 3:13-CV-0021-CRS-DW, 2014 WL 4102354, *1-2 (W.D. Ky. Aug. 18, 2014) (holding that plaintiff's failure to respond or otherwise oppose defendant's motion to dismiss established that the plaintiff had waived opposition to the motion). Because Plaintiff has failed to oppose Defendants' Motion to Dismiss, he waives opposition to the motion.

Notwithstanding McDonald's lack of opposition to Defendants' Motion to Dismiss, the legal arguments in Defendants' Motion for Summary Judgment are well-taken. Specifically, the Court finds that Defendants have satisfied their burden under Federal Rule of Civil Procedure 56 by demonstrating that McDonald failed to properly exhaust his remedies under the policies and procedures of the Kentucky Department of Corrections.

In Defendants' Motion for Summary Judgment, Defendants argue that they are entitled to summary judgment because Plaintiff has failed to exhaust his administrative remedies and his

4

claims are barred by the doctrine of issue preclusion. [R. 29 at 2.] The Court agrees that McDonald failed to exhaust administrative remedies, requiring the action be dismissed in its entirety.

The Prison Litigation Reform Act (PLRA) bars a civil rights action challenging prison conditions until the prisoner exhausts "such administrative remedies as are available." 42 U.S.C. § 1997e(a); *see also Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court"). In order to exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules established by state law. *Jones*, 549 U.S. at 218-19. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). However, "failure to exhaust administrative remedies under the PLRA is an affirmative defense that must be established by the defendants." *Napier v. Laurel Cty. Ky.*, 636 F.3d 218, 225 (6th Cir. 2011) (citing *Jones*, 549 U.S. at 204).

According to the "Inmate Grievance Procedure," contained within the Kentucky Corrections Policies and Procedures, the "Inmate Grievance Process" involves four steps for the filing and adjudication of inmate grievances. [R. 29-4 at 7-13 (Grievance Policy).] At the first step, an informal resolution attempts to resolve the inmate's properly filed grievance. [*Id*. at 7–10.] The policy requires that the initial grievance must be filed within 5 days after the complained-of incident occurs. [*Id*. at 8.] If a grievant is dissatisfied after step 1, he may request a review by the Grievance Committee. [*Id*. at 10–12.] At this second step, the Grievance Committee reviews the grievance and makes a written recommendation. [*Id*. at 10–12.] If a grievant still is dissatisfied, he may appeal the grievance to the Warden at step 3. [*Id*. at 12.]

Finally, to conclude the process, if the grievant is dissatisfied with the Warden's decision, at step 4 he may appeal to the Commissioner of the Kentucky Department of Corrections ("KDOC"). [*Id*. at 12–13.]

In order to show that McDonald did not file a single grievance while at KSP, Defendants attached the affidavit of Daniel Smith, the Grievance Coordinator for KSP. Smith averred: "Inmate McDonald was first transferred to KSP on October 16, 2017. According to my records, he has not filed any grievances while incarcerated since that time. Specifically, Plaintiff did not file any grievances at KSP concerning either his dreadlocks or excessive force." [R. 29-1 at 1.] This Court has previously found such evidence satisfactory in granting summary judgment due to failure to exhaust administrative remedies. *Harbin v. Huddleston*, No. 5:13-CV-00150-TBR, 2014 WL 2154896, at *2 (W.D. Ky. May 22, 2014) (holding that plaintiff failed to exhaust administrative remedies when nothing in the record indicated plaintiff completed the KDOC appeals process and an affidavit illustrated that there was no record of a fully appealed grievance concerning the issue at hand). Thus, the Defendants have presented evidence establishing that McDonald did not exhaust his administrative remedies for the actions alleged in his complaint.

Granted, in his Complaint, McDonald mentions that he "wrote Adult Institutions in Frankfort[,] Kentucky as a grievance about the [e]ntire matter but Administrations turned a blind eye." [R. 1 at 5.] However, the Sixth Circuit has repeatedly held that an inmate must strictly follow the grievance procedures and that informal letters and petitions are no substitute for a formal inmate grievance. *Shephard v. Wilkinson*, 27 F. App'x 526, 527 (6th Cir. 2001) ("While Shephard asserts that he has raised his complaints in numerous letters to prison and public officials, a prisoner must utilize the formal grievance process provided by the state; he cannot comply with the requirements of § 1997e(a) by informally presenting his claims."); *Jewell v.*

*Leroux*, 20 F. App'x 375, 377 (6th Cir. 2001) (same); *see also Clark v. Beebe*, No. 98-1430, 1999 WL 993979, at *2 (6th Cir. Oct. 21, 1999) (holding that district court erred in finding that prisoner had substantially complied with exhaustion requirement by writing letters to various prison and federal officials even though letter written to U.S. Attorney's Office eventually made its way to the warden of plaintiff's prison). Thus, any letter that McDonald may have sent did not relieve him of his duty to comply with the specific requirements set forth in the Inmate Grievance Procedure. *See Freeman v. Kentucky Parole Bd.,* No. 5:17-CV-P71-TBR, 2018 WL 4088078, at *4 (W.D. Ky. Aug. 27, 2018) (citing *Bruin v. Meko*, No. 14-CV-57-HRW, 2015 WL 1061578, at *5, (E.D. Ky. Mar. 10, 2015) ("Letters and petitions are . . . no substitute for a formal inmate grievance.").

In summary, the Court finds that the Defendants have carried their burden of proof under the applicable affirmative defense and McDonald did not properly exhaust his remedies under the policies and procedures of the Kentucky Department of Corrections. Defendants' Motion for Summary Judgment, [R. 29], is GRANTED and his claims are dismissed without prejudice. *See Bell v. Konteh*, 450 F.3d 651, 653 n.4 (6th Cir. 2006) ("It is well established . . . that the appropriate disposition of an unexhausted claim under the PLRA is dismissal without prejudice."). As the claims are dismissed under Defendants' Motion for Summary Judgment, the Defendants' Motion to Dismiss, [R. 28], is DENIED AS MOOT.

Still remaining in this action are two motions filed by McDonald: a "Motion for Reconsideration of the Dismissal Plead Entered on Behalf of the Defendants and Grant Plaintiff's Plead to Settlement Relief," [R. 32], and a Motion for Settlement Relief, [R. 36]. As the Court has granted Defendants' Motion for Summary Judgment, both of these motions are DENIED AS MOOT.

## CONCLUSION

For the foregoing reasons, the Defendants' Motion for Summary Judgment, [R. 29], will be GRANTED and his claims will be dismissed without prejudice. The Defendants' Motion to Dismiss, [R. 28], and Motion to Amend/Correct Order, [R. 30], will be DENIED AS MOOT. Also, McDonald's Motion for Reconsideration, [R. 32], and Motion for Settlement Relief, [R. 36], will be DENIED AS MOOT. The Court will enter a separate Order and Judgment consistent with this Memorandum Opinion.

cc: Counsel of Record

Johnny A. McDonald, pro se
163881
KENTUCKY STATE PENITENTIARY
266 Water Street
Eddyville, KY 42038